UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DANIELS,

                Petitioner,                Case Number 2:13-CV-10269
                                                          Honorable Patrick J. Duggan

STEVEN RIVARD,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11), (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), AND (3) DENYING A CERTIFICATE OF APPEALABILITY**

      Petitioner James Daniels, a Michigan Department of Corrections prisoner incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus challenging his second-degree murder and felony-firearm convictions pursuant to 28 U.S.C. § 2254.  Respondent has moved for summary judgment, arguing that the petition should be dismissed as barred by the statute of limitations.  For the reasons set forth herein, the Court agrees with Respondent and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).  The Court also is denying Petitioner a certificate of appealability.

## I. Factual and Procedural History

The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1); *see also Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

> After receiving a 911 call regarding a domestic disturbance, police went to the house of defendant and his mother, Mae Francis Daniels. When the police arrived, defendant was standing calmly in the kitchen and Mae's dead body was in the bedroom. Expert testimony revealed that she died from multiple gunshot wounds that had been made from more than one foot away. Defendant told an officer that he had called the police because he had shot Mae. When the police arrested defendant, he shouted two or three times that he was tired of arguing. After arriving at the police station, defendant stated, "I was tired of being pushed." Defendant then gave a signed statement to police stating that he and Mae began arguing after she woke him up and told him to get out of the house. Defendant stated that he hated that he and Mae would argue every day and resented that she did not appreciate what he did for her. He said that the arguing had been going on for years and he became angry. After about an hour of Mae yelling at him, defendant pointed his gun at Mae, who was sitting on her bed. Defendant stated that as Mae began to stand up from the bed, he shot and killed her. Defendant stated that he then threw the gun into the sewer.
>
> At trial, defendant testified that the interrogating officer fabricated defendant's statement to police. Defendant asserted that his actual statement explained that the shooting was an accident. Defendant testified that Mae woke him up from a nap and told him to go find their missing dog. Defendant got up, dressed, and retrieved his loaded gun. The two then began to argue, and the argument escalated to the point where Mae threatened to call the police. Defendant walked into Mae's bedroom with his gun in his hand. When Mae saw the gun, she told defendant that he did not need to take the gun and tried to grab it. The two fell onto the bed and were wrestling when [the] gun accidentally went off and shot Mae. Defendant then walked outside and dropped the gun into the sewer.

2:13-cv-10269-PJD-MAR Doc # 13 Filed 09/16/13 Pg 3 of 12 Pg ID 576

> He then went back into the house, shook Mae to see if she was hurt, and called 911. When the police arrived, defendant told them that the shooting was an accident. He then calmly told police that he was tired of arguing and being pushed around.

*People v. Daniels*, No. 247033, 2004 Mich. App. LEXIS 2183, *1-3 (Mich. Ct. App. Aug. 17, 2004) (per curiam) (unpublished).

After hearing this evidence at trial, a Wayne County jury found Petitioner guilty of second-degree murder, Michigan Compiled Laws § 750.317, and felony-firearm, *id.* at § 750.227b, on December 12, 2002. On January 6, 2003, Petitioner was sentenced to life imprisonment for the murder conviction and a consecutive two-year term for the firearm conviction.

Following his conviction and sentencing, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate brief raised the following claims: (1) the trial court erroneously failed to instruct the jury on the lesser offense of manslaughter; and (2) the trial court incorrectly scored the sentencing guidelines. The Michigan Court of Appeals rejected both arguments and affirmed Petitioner's convictions in an unpublished opinion. *People v. Daniels*, No. 247033, 2004 Mich. App. LEXIS 2183.

Petitioner subsequently sought leave to appeal from the Michigan Supreme Court. This application was denied on April 26, 2005. *People v. Daniels*, 472 Mich. 895, 695 N.W.2d 73 (2005) (table).

3

On January 14, 2012, Petitioner filed a motion for relief from judgment with the trial court, pursuant to Michigan Court Rule 6.500, raising the following claims: (1) Petitioner was denied the effective assistance of counsel at trial; (2) Petitioner's due process rights were denied by virtue of a "predatory prosecution"; and (3) Petitioner's appellate counsel was ineffective for not raising ineffective assistance of trial counsel on appeal.  After a thorough review Petitioner's various claims, the trial court denied Petitioner's post-conviction motion on March 21, 2012, finding that Petitioner's failure to satisfy the good cause and actual prejudice standard imposed by Michigan Court Rule 6.508(D)(3)(a) mandated denial of the motion pursuant to Michigan Court Rule 6.508(D)(3).  *People v. Daniels*, No. 02-010937-01 (Wayne Cnty. Tr. Ct. Mar. 21, 2012).

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. On December 14, 2012, the Michigan Court of Appeals denied the application in a standard order.  *People v. Daniels*, No. 310981 (Mich. Ct. App. Dec. 14, 2012).  Petitioner did not seek leave to appeal this decision in the Michigan Supreme Court.

Petitioner filed the instant petition for writ of habeas corpus on January 22, 2013 pursuant to 28 U.S.C. § 2254.  The petition raises the same claims of ineffective assistance of counsel and predatory prosecution that were presented to the state courts during his post-conviction review proceedings.

4

## II.     Applicable Standard

Federal Rule of Civil Procedure 56 instructs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986) (explaining that the initial burden of proving the absence of a genuine dispute rests with the movant). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Sutherland v. Mich. Dept. of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003). The summary judgment rule applies to habeas proceedings. *See* R. 12 of the Rules Governing § 2254 Cases.

## III.     Discussion

Respondent contends that Petitioner's habeas petition is untimely and that summary judgment is therefore appropriate as a matter of law. In the absence of equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed within the limitations period. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Court addresses the timeliness of the instant petition and then proceeds to evaluate whether Petitioner has provided the Court with any basis to invoke the doctrine of equitable tolling.

### A.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, provides a one-year period of limitation for habeas petitions filed by state prisoners seeking relief from state court judgments. 28 U.S.C. § 2244(d)(1). The limitations period runs from one of four specified dates, usually – and this case is no exception – from the date on which the judgment became final by the conclusion of direct review or when the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A); *see also Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S. Ct. 681, 685 (2009) (explaining that for purposes of § 2244(d)(1)(A), direct review concludes when the availability of direct appeal to the state courts and to the Supreme Court of the United States has been exhausted). Importantly, the statute tolls the limitations period during any time in which "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2).

In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal his conviction on April 26, 2005. Petitioner did not seek a writ of certiorari in the Supreme Court of the United States. His convictions therefore became final ninety (90) days later, on July 25, 2005, when the availability of a direct appeal to the Supreme Court lapsed due to the expiration of the deadline for seeking a writ of certiorari. *See* Sup. Ct. R. 13.1. The limitations period commenced the following day, *see* Sup. Ct. R. 30.1, and pursuant to 28 U.S.C. §

6

2244(d)(1), expired one year later. Applying these rules, Petitioner's opportunity to file his petition in accordance with AEDPA expired in July of 2006. Petitioner waited about six and one-half years to file his habeas petition in this Court.

The tolling provision contained in 28 U.S.C. § 2244(d)(2) does not save Petitioner's otherwise untimely petition as he filed his motion for relief from judgment in January of 2012, more than five years after the limitations period had already expired. Section § 2244(d)(2), which discounts the time during which state post-conviction review proceedings are pending, does not revive the one-year limitation period or "restart the clock." Rather, § 2244(d)(2) only serves to pause a statute-of-limitation clock that has not yet fully run. *Patterson v. Lafler*, 455 F. App'x 606, 608 (6th Cir. 2012); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Thus, once the one-year period has elapsed, any motions or petitions for collateral post-conviction relief filed in the Michigan state courts generally cannot serve to toll or avoid AEDPA's statutory period. *Payton*, 256 F.3d at 408. By the time Petitioner initiated his motion for state post-conviction relief, the statute of limitations had long since expired. Therefore, the petition is time barred unless Petitioner can demonstrate grounds for equitable tolling.

**B.      Equitable Tolling**

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. ---, 130 S. Ct. 2549, 2560 (2010).

A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924 (2013); *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Because equitable tolling is used "sparingly" by the federal courts, the party seeking to toll the limitations period bears the burden of proving an entitlement to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner explains that he waited as long as he did to file his petition because he was unaware of the legal requirements. He also indicates that he did not raise his habeas claims on direct appeal because of ineffective assistance of appellate counsel. Ignorance of the law and of legal filing requirements, however, does not warrant equitable tolling even for imprisoned *pro se* petitioners. *See, e.g.*, *Harrison v. I.M.S.*, 56 F. App'x 682, 685 (6th Cir. 2003) (explaining that a

8

petitioner's lack of notice of the filing requirement is a consideration in the equitable tolling analysis but further indicating that a reviewing court should consider the petitioner's lack of constructive knowledge of the filing requirement and the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim) (citation omitted). Although the Court credits Petitioner's statements that he lacked knowledge of the statute of limitations, the Court does not believe that this ignorance demonstrates a lack of constructive knowledge of the filing deadline. *Id.* (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (noting that in a direct criminal appeal, accepting ignorance of the law as an excuse would encourage and reward indifference to the law)). Through his prior dealings with the state courts, Petitioner learned that court filings had corresponding filing deadlines. *Id.* Thus, Petitioner knew or should have known that his application for a writ of habeas corpus would also have a filing deadline. Lastly, nothing in the record demonstrates that Petitioner inquired into deadlines for any form of post-conviction relief. *Id.* Failing to inquire about one's rights over a period of several years cannot be described as reasonable. The Court is not convinced that Petitioner's ignorance of the law was an "extraordinary circumstance" precluding him from timely filing his habeas petition. *Holland*, 130 S. Ct. at 2562 (quotation omitted).

9

Even if Petitioner persuaded this Court that his lack of knowledge regarding the filing deadline was an extraordinary circumstance, Petitioner cannot demonstrate that he pursued his rights diligently. *Id.* (quotation omitted). Petitioner waited over five years before filing his post-conviction motion in the state courts and waited about six and one-half years to file his habeas petition in this Court.

Lastly, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence. *McQuiggin*, 133 S. Ct. at 1928. To make such a showing, a petitioner must "persuade[] the district court that, in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 868 (1995). Petitioner's case falls outside of the actual innocence tolling exception because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

In conclusion, the Court finds that the petition must be dismissed because the statute of limitations had expired prior to its filing, and the record does not support a finding of entitlement to equitable tolling.

### IV.   Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the Court concludes that jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment (ECF No. 11) is **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's application for a writ of habeas corpus (ECF No. 1) is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.

Dated: September 16, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
**James Daniels**, #441393
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880

**AAG Andrea M. Christensen**
**AAG Laura Moody**